Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7726 | **DATE** | 11/6/2001 |
| **CASE TITLE** | Gerald Sprague vs. Central States etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We now deny the motion for fees.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 85 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 NOV -7 AM 8:58 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALD SPRAGUE,            )
                           )
            Plaintiff,     )
                           )
       vs.                 )    No. 99 C 7726
                           )
CENTRAL STATES, SOUTHEAST  )
AND SOUTHWEST AREAS PENSION)
FUND, etc., et al.,        )
                           )
            Defendants.    )

## MEMORANDUM OPINION AND ORDER

On February 5, 2001, we granted summary judgment for defendants Central States, Southeast and Southwest Areas Pension Fund and its trustees (Central States), and United Parcel Service (UPS). Plaintiff promptly appealed. Central States thereafter moved for attorneys' fees of some $117,000. This court continued to have jurisdiction to consider that motion. Nevertheless, we delayed ruling until after resolution of the appeal. The judgment for defendants was affirmed on October 18, 2001. We now deny the motion for fees.

This circuit relies on two tests to decide whether or not fees should be awarded, although their impact is not substantially different. Was the losing party's position substantially justified, which means more than merely not frivolous, but less than meritorious? Or the court may weigh five factors: 1) the degree of the opposing party's culpability or bad faith; 2) ability to satisfy an award of fees; 3) the deterring effect of an award on the filing of unfounded claims; 4) whether a party seeking fees sought to benefit all participants and beneficiaries of an ERISA plain or to resolve a significant legal question regarding ERISA; and 5) the relative merits of the parties' positions. Brewer v. Protexall, Inc., 50 F.3d 453, 458

(7th Cir. 1995); <u>Harris Trust and Savings Bank v. Provident Life and Accident Insurance Co.</u>, 57 F.3d 608, 616 (7th Cir. 1995). But overlaying those standards is the notion that they should be applied differently between a prevailing participant and a prevailing plan. "... (R)efusal to award attorneys' fees and costs to ERISA defendants, even 'prevailing' defendants, would rarely constitute an abuse of discretion." <u>Marquardt v. North American Car Corp.</u>, 652 F.2d 715, 719 (7th Cir. 1981).

Defendant's motion is not without some force. We did not find plaintiff's claim to be at all persuasive, and it appears that he did not advance it until he had terminated his position with the union, some considerable time after the claim arose, and, apparently, without much prior investigation. He then teamed up with an attorney with a history of tilting against the union. He has assets. Still, the issues were relatively complex: both this court and the Court of Appeals delivered opinions of some length, dealing with the merits of the claims. Defendant's ability to collect any judgment is marginal at best; apparently only very limited assets could be reached by a judgment. In one sense, plaintiff was seeking to benefit the fund in the unlikely event that UPS could be forced to make the payments and remain in Central States. Finally, plaintiff must owe his attorney a substantial amount. Either he pays it, the attorney writes it off, or they split the loss. In any event, that obligation, as pointed out in <u>Marquardt v. North American Car Corp.</u>, *supra*, is itself a significant deterrent. We think it is time to close out this chapter and move on.

/s/ James B. Moran<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

Nov. 6, 2001.